IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBENO SCELETZ CARMICHAEL,
    Plaintiff,

vs.                                             Case No. 3:11cv79/RV/EMT

KENNETH L. WILLIAMS,
    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1), and his motion to proceed in forma pauperis (Doc. 2). For the limited purpose of dismissal of this action, leave to proceed in forma pauperis will be granted.

    Plaintiff names one Defendant in this action, Judge Kenneth L. Williams, a judge in the Escambia County Circuit Court who presided over a domestic violence injunction proceeding initiated by Jackie L. Carmichael, Escambia County Circuit Court Case No. 2009 DR 000652 (Doc. 1 at 3). Plaintiff alleges Judge Williams signed an ex parte temporary injunction for protection against domestic violence which granted custody of Plaintiff's minor child to Ms. Carmichael, prohibited Plaintiff from seeing or communicating with his minor child or going to the child's school, and deprived Plaintiff of his automobile (*id.*). Plaintiff states he was served with a copy of the temporary order and notified that the matter was set for a final hearing on March 18, 2009 (*id.*). Plaintiff acknowledges, in another complaint he filed against Judge Williams in this court on the same day he filed the complaint in this case, that Judge Williams entered a final judgment of injunction for protection against domestic violence at the conclusion of the hearing on March 18, 2009. *See* <u>Carmichael v. Williams</u>, Case No. 3:11cv88/LAC/MD, Doc. 1 at 3 (N.D. Fla. Feb. 17, 2011). Plaintiff claims that Judge Williams violated his Fourteenth Amendment rights to due

process and equal protection (Doc. 1 at 4). As relief, Plaintiff seeks monetary damages against Judge Williams in the amount of $10,000.00 and an order voiding the domestic violence injunction (*id.*).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

Case No: 3:11cv79/RV/EMT

(11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Initially, Plaintiff cannot recover against Judge Williams. Judges acting in their judicial capacity are absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* Sun v. Forrester, 939 F.2d 924, 925–26 (11th Cir. 1991). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a "judicial" one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. Stump, 435 U.S. at 355–57; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner.

Case No: 3:11cv79/RV/EMT

Simmons, 86 F.3d at 1084–85 (citing Stump, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes v. Hosemann, 776 F.2d 942, 946–47 (11th Cir. 1985) (citations omitted). Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

Turning to the instant case, the conduct of which Plaintiff complains, specifically, Judge Williams's granting the injunction, is a quintessential judicial function. Furthermore, as Plaintiff was a party in the domestic violence case over which Judge Williams presided, Plaintiff was dealing with Judge Williams in his judicial capacity. Moreover, Plaintiff does not allege, nor do the facts suggest, that Judge Williams acted in the complete absence of jurisdiction to hear the domestic violence matter. Therefore, judicial immunity shields Judge Williams from suit.

To the extent Plaintiff asks this court to review the substance of Judge Williams's order, he also is not entitled to relief. It is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. *See* District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311–12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). The Rooker and Feldman decisions have become known as the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari]." Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486). The

Eleventh Circuit has identified the following four criteria that must be met for the Rooker-Feldman doctrine to bar a district court's jurisdiction:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceedings; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (internal citations omitted). The Eleventh Circuit has defined "inextricably intertwined" as meaning that the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted). However, even if a claim is "inextricably intertwined" with the state court's judgment, the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983)). "[A] party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim." Blue Cross and Blue Shield of Md., Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir. 1989).

Proper application of the Rooker-Feldman doctrine was very recently clarified by the United States Supreme Court. The Court stated:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S. Ct. 1517, 1521–22, 161 L. Ed. 2d 454 (2005) (holding that the doctrine did not apply because the federal suit was filed before the state court judgments were rendered).

In the instant case, the complaint falls squarely within Exxon's definition of the kind of cases to which the Rooker-Feldman doctrine applies. Plaintiff is a state court loser complaining of injuries caused by the final judgment for protection against domestic violence and is inviting this court to review and reject that judgment. Plaintiff commenced the instant federal action on February 17,

2011, nearly two years after the final judgment was rendered in the state proceeding. Plaintiff's claims concerning the constitutionality of the domestic violence proceeding could have and should have been raised in the state circuit court proceeding, and Plaintiff does not allege any reason for his failure to raise his claims therein or, if he did raise them, his failure to raise them on appeal to a higher court. Finally, Plaintiff's claim is "inextricably intertwined" with the state court's judgment because Plaintiff is attempting to "void" the state court's order granting the injunction. Therefore, Plaintiff's claims are barred by the Rooker-Feldman doctrine. *See* Mickens v. Tenth Judicial Circuit, 181 Fed. Appx. 865, 872–74 (11th Cir. 2006).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, amendment would be futile, and therefore dismissal is appropriate.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED.**

And it is respectfully **RECOMMENDED**:

That this cause be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), and because this court lacks jurisdiction to review orders entered in the state court proceedings.

At Pensacola, Florida, this 24th day of February 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**